# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLAN J. BUTLER, | : | |
| Plaintiff, | : | |
| v. | : | CA 11-00295-C |
| MICHAEL J. ASTRUE, | | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

The plaintiff brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Doc. 21 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").) Upon consideration of the administrative record ("R.") (Doc. 11), the plaintiff's brief (Doc. 12), the Commissioner's brief (Doc. 17), and the arguments made by the parties at the March 14, 2012 Hearing, it is determined that the Commissioner's decision denying the plaintiff benefits should be **affirmed**.[1]

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 25 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

**Relevant Background**

On January 14, 2009, the plaintiff filed an application for DIB (R. 127-133) and SSI (R. 134-136)—alleging disability beginning March 31, 2007, due to paranoid schizophrenia and injuries to his back and head—which was initially denied on March 11, 2009 (*see* R. 72-73). A hearing was then conducted before an Administrative Law Judge on May 25, 2010 (*see* R. 32-71). On June 14, 2010, the ALJ issued a decision finding that the claimant was not disabled (R. 14-31), and the plaintiff sought review from the Appeals Council (*see* R. 11-13). The Appeals Council declined to review the ALJ's determination on April 28, 2011 (*see* R. 1-6)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on June 7, 2011 (*see* Doc. 1).

**Standard of Review**

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful

employment that exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

## Discussion

On appeal to this Court, the plaintiff's two claims concern the ALJ's purported failure to explain the weight she assigned to (1) a mental residual functional capacity evaluation (the RFC) completed by Patrician Noonan, CRNP; and (2) the testimony of the plaintiff's mother.  Specifically, the plaintiff contends that:

1. The ALJ committed reversible error by failing to fully discuss the weight given to the plaintiff's treating nurse practitioner under 20 C.F.R. § 404.1513(d) and SSR 06-03p and by basing her decision on the opinion of a non-examining non-treating medical source; and

2. The ALJ committed reversible error by failing to discuss the weight given to the testimony of the plaintiff's mother.

A. **Nurse Practitioner Noonan.**

There is no doubt that the ALJ considered the opinion of Ms. Noonan (*see* R. 23 (summarizing the RFC she completed and discussing) & 24 (discounting her opinion)), and although the ALJ did not give that opinion controlling weight, which she was not obligated to do,[2] the plaintiff argues that the ALJ's failure "to discuss what weight, if any, was given to Ms. Noonan's opinion"—which the plaintiff contends equates to a failure "to evaluate Ms. Noonan's opinion under [section] 404.1513(d)(1) and SSR

---

[2] "[A] nurse practitioner's opinion is considered 'other source' evidence, and is not given the same controlling weight as a "treating source." *Sommer v. Astrue*, No. 3:10-CV-99, 2010 WL 5883653, at *3-5 (E.D. Tenn. Dec. 17, 2010) (quoting § 404.1527(d)); *see also Madise v. Astrue*, Civil Action No. 08-00376-B, 2009 WL 3078294, at *11 (S.D. Ala. Sep. 23, 2009) ("'[O]ther' medical sources [ ] may present evidence of the severity of the claimant's impairment and the effect of the impairment on the claimant's ability to work, but [such evidence] cannot establish the existence of an impairment.") (citing § 404.1513(d)(1)); *Wilver v. Astrue*, No. 8:07-CV-488-T-EAJ, 2008 WL 2824815, at *3 (M.D. Fla. July 21, 2008) ("A nurse practitioner's opinion is not afforded the same weight as a treating physician; rather it is only entitled to fair consideration.") (citations omitted)

06-03p"—"is reversible error" (Doc. 12 at 6).  The plaintiff further contends that this error was compounded by the ALJ "basing her decision on the opinion of a non-examining, non-treating medical source[,]" Dr. Eno.  (*Id.*)

"Social Security Ruling 06-03p acknowledges that medical sources who do not qualify as 'acceptable medical sources' under the regulations are still considered valuable sources of information."  *Sommer v. Astrue*, No. 3:10-CV-99, 2010 WL 5883653, at *3 (E.D. Tenn. Dec. 17, 2010).  That ruling reflects a reality of how health care is delivered in our country today, providing in pertinent part:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners . . .  have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists.  Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *3 (Aug. 9, 2006); *see, e.g., Madise*, 2009 WL 3078294, at *11 ("An 'ALJ is not free to disregard the opinions of health care professionals simply because they are not medical doctors.'") (quoting *O'Connor v. Barnhart*, No. C03–3081–MWB, 2004 WL 2192730, at *5 (N.D. Iowa Sep. 28, 2004)).

> The ruling indicates that the ALJ is required, under the regulations, to consider the evidence from "other sources," although the regulations do not explicitly discuss how to evaluate the "other source" evidence.  SSR 06-03p, 2006 WL 2329939, at *4.  The ruling states that the factors outlined for determining the weight to afford a medical opinion in 20 C.F.R. §§ 404.1527(d) and 416.927(d), "can be applied to opinion evidence from 'other sources,'" and "these factors represent basic principles that apply to

consideration of all opinions from medical sources who are not 'acceptable medical sources.'" *Id.* Additionally,"[t]he evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each case" and "[n]ot every factor for weighing opinion [ ] evidence will apply in every case." *Id.* Nevertheless, the ruling specifically states that,

> **[t]he adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.**

*Id.*

*Sommer*, 2010 WL 5883653, at *3-4 (footnote omitted and emphasis added); *compare id.* at *4 (noting that "[t]he Sixth Circuit Court of Appeals appears to interpret the language of SSR 06-03p as strongly indicating that the ALJ should explain the weight given to the opinions of 'other sources'") (citing *Cruse v. Commissioner of Soc. Sec.*, 502 F.3d 532, 540-42 (6th Cir. 2007) (which found that "opinions from non-medical sources who have seen the claimant in their professional capacity should be evaluated by using the applicable factors, including how long the source has known the individual, how consistent the opinion is with other evidence, and how well the source explains the opinion")), *with Phillips v. Astrue*, 413 Fed. App'x 878, 884 (7th Cir. 2010) ("In deciding how much weight to give to opinions from these 'other medical sources,' an ALJ should apply the same criteria listed in § 404.1527(d)(2)."),[3] *with Franklin v. Astrue*, No. 3:09-CV-56 (CDL), 2009

---

[3] The applicable factors, outlined in 20 C.F.R. § 404.1527(d)(2)-(6), are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the

WL 3299820, at *4 (M.D. Ga. Oct. 13, 2009) (noting that "[t]o promote meaningful review, the Eleventh Circuit Court of Appeals obligates the ALJ to 'state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered[,]'" citing SSR 06-03p, and concluding that the ALJ's explanation—"'[t]he opinion of the vocational evaluator . . . is not given great weight in that her opinion is inconsistent with the opinions mentioned above'"—"provided sufficient reasoning" for rejecting the opinion) (initially quoting *Ryan v. Heckler*, 762 F.2d 939, 941-42 (11th Cir. 1985)) (order adopting report and recommendation of the Magistrate Judge); *see also Slone v. Commissioner of Soc. Sec.*, No. 1:09-cv-705, 2010 WL 6004386, at *7-8 (S.D. Ohio Nov. 19, 2010) (rejecting plaintiff's asserted assignment of error "that the ALJ improperly dismissed the opinion and RFC findings of [a] treating [certified nurse practitioner]" where "[t]he decision of the ALJ considered the factors required by SSR 06-03p").

While, in her decision, the ALJ exhaustively summarizes Ms. Noonan's RFC (*see* R. 23), the following is all that the decision offers as to the "weight" the ALJ assigns to Ms. Noonan's opinion:

> The Administrative Law Judge recognizes that Ms. Noonan indicated the claimant has marked limitations in his ability . . . to understand, carry out and remember instructions and respond appropriately to customary work pressures. The Administrative Law Judge does not give controlling weight to that opinion because Ms. Noonan is a nurse practitioner not a psychiatrist. In fact, it appears the claimant only presented for medication

---

treatment relationship; (3) the supportability of and evidentiary basis for the opinion; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the source; and (6) anything else that tends to support or contradict the opinion.

management. . . . The Administrative Law Judge further notes that the therapist at Altapointe found the claimant's Global Assessment of Functioning (GAF) was 65 which indicates only mild symptoms.

(R. 24.)[4]

Had the sole basis for rejecting Ms. Noonan's opinion been that she "is a nurse practitioner not a psychiatrist," remand would be necessary. *See, e.g., Barry v. Astrue*, No. CV-09-1677-PHX-NVW, 2010 WL 3168630, at *11 (D. Ariz. Aug. 10, 2010) (noting that "the opinion of a nurse practitioner may be given more weight than that of even a treating source if the nurse practitioner 'has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation of his or her opinion'" and, therefore, an "ALJ's conclusory reference to the fact that [the nurse practitioner] is not a licensed doctor is clearly an insufficient basis, without further explanation, for entirely disregarding her opinion") (quoting SSR 06-03p). But the ALJ's decision, by pointing out that it appeared that "the claimant only presented for medication management," implicates three of the factors set forth in § 404.1527(d): the nature and extent of the treatment relationship; the supportability of and evidentiary

---

[4] There is little doubt that had the ALJ failed to "discuss or even mention" Ms. Noonan's opinion, that would have been error. *See, e.g., Hanshaw v. Astrue*, No. ED CV 08-434-PLA, 2009 WL 1844935, at *3 (C.D. Cal. June 25, 2009) (error where "the ALJ did not discuss or even mention [the nurse practitioner's] opinion—"the ALJ was required to address Ms. Spiedel's opinion in his decision, and if the ALJ wished to reject it, he needed to explain the weight given to that opinion") (citing, *inter alia*, SSR 06-03p).

basis for the opinion; and the specialization of the source.[5]  Moreover, the ALJ's decision, by noting "that the therapist at Altapointe found the claimant's Global Assessment of Functioning (GAF) was 65 which indicates only mild symptoms," indicates that Ms. Noonan's opinion is not consistent with the record as a whole—another factor set forth in § 404.1527(d).  The ALJ has, accordingly, "ensure[d] that the discussion of [this] evidence[—reasons for discounting Ms. Noonan's opinion—]in [her] decision allows [this Court] to follow [her] reasoning."  SSR 06-03p, 2006 WL 2329939, at *6; *compare* R. 24, *with Sommer*, 2010 WL 5883653, at *4-5 ("The ALJ discussed [nurse practitioner] Hosey's 2007 and 2009 opinions in detail, yet, the ALJ does not indicate what applicable factors he used when evaluating NP Hosey's assessments.  The ALJ did not discuss such factors as the supportability of the opinion, its consistency with other evidence, or how well the source explained the opinion. . . . Accordingly, the Court finds that the ALJ committed error by not providing a basis for discounting the non-medical source opinion of NP Hosey when she evaluated the Plaintiff in her professional capacity.") (citation and footnote omitted).  *See also*

---

[5]  There is no argument—and the Court's independent review of the administrative record does not reveal a basis for asserting that—Ms. Noonan's opinion should be afforded the weight of a treating source because, at Altapointe, she is/was "a member of a treatment team that included a physician, psychologist or other acceptable medical source who could potentially give her treating source status."  *Williams v. Astrue*, No. 4:09CV3116, 2011 WL 1226099, at *14 (D. Neb. Mar. 28, 2011) (distinguishing *Shontos v. Barnhart*, 328 F.3d 418 (8th Cir. 2003), in which the Eighth Circuit held "sources that ALJs usually consider to be 'other' medical sources can be considered 'treating' sources when they were part of, **and therefore represent the views of**, a treatment team that includes an acceptable medical source in accordance with the regulations," *Haman v. Astrue*, Case No. 8:08CV416, 2009 WL 1846825, at *9-10 (D. Neb. June 26, 2009) (citing 328 F.3d at 426) (emphasis added)).

*Hussnatter v. Astrue*, No. CV–09–3261 (SJF), 2010 WL 3394088, at *21 (E.D.N.Y. Aug. 20, 2010) ("the ALJ properly afforded reduced weight to the opinion of [a nurse practitioner] regarding plaintiff's functional assessment" where that functional assessment was "inconsistent with other objective medical evidence in the record from consulting physicians"); *Smith v. Barnhart*, No. 04-1132-WEB, 2005 WL 418595, at *8 (D. Kan. Feb. 8, 2005) ("The ALJ chose not to accord substantial weight to the nurse practitioner's opinion because it was inconsistent with other objective medical evidence as well as plaintiff's daily activities.").

### B. The plaintiff's mother, Betty Ramsey.

While the plaintiff contends that, "[a]lthough the ALJ summarized [Ms. Ramsey's] testimony [*see* R. 21], she fails to discuss it anywhere else in her decision and does not discuss the amount of weight, if any, given to that testimony" (Doc. 12 at 7), the Commissioner contends that in addition to summarizing Ms. Ramsey's testimony, the ALJ also "specifically noted that '[Ms. Ramsey] had a hard time answering questions posed to [her] during various visits to . . . counselors" (Doc. 17 at 10 (quoting R. 24)).

Ms. Ramsey testified regarding the plaintiff's visits to Altapointe—her testimony revealed that she had permission to sit in on his sessions—and related what occurred during those sessions. (*See* R. 64-66.) During this testimony, the ALJ admonished the plaintiff's counsel regarding hearsay in Ms. Ramsey's testimony—"Counsel, I'm going to start asking her blunt[ly] about the hearsay that's going on here. So if you want to go

down this road, I'm going to ask her a lot of questions about what the therapist's impressions are." (R. 65.) The ALJ then questioned Ms. Ramsey regarding whether the plaintiff's therapist talked to her about her son's drug use:

> Q. Okay. You started down the [path] with the therapist. Doe the therapist talk to you about his drug use? Have you had any discussions in therapy about the drug use?
>
> A. No. Like I said, I think that he doesn't – he's, you know, test clean.
>
> Q. Why are they testing him?
>
> A. I don't know if they still are.
>
> Q. I mean have you ever had a discussion with them about his drug use?
>
> A. Not since –
>
> Q. I mean you're – it seems like it's evasive. I just want to know if you discuss – if you're that involved with the case managers, and he went in and he was told by a case manager that he had a drug problem and he was a cocaine abuser, if you've actually ever discussed the abuse of the cocaine with these case managers. He's getting drug treatment, and I'd like to know your discussion with them about the drug use. Have they told you anything to look out for, any erratic behavior?
>
> A. No, ma'am.
>
> Q. What have they discussed with you?
>
> A. No, ma'am.
>
> Q. None of that?
>
> A. No.
>
> Q. You're never had a discussion with them about his drug use?
>
> A. I'm not being evasive. Since [Searcy] I don't believe I have.

11

  Q.  Okay. But they're testing him now, drug testing?

  A.  I don't know if they are or not.

  Q.  Okay, all right.

  A.  I just assumed –

  Q.  Well, it seemed like you had stated that you thought that they have.

(R. 66-67.)

It appears therefore that the statement in the ALJ's decision that "both the claimant and his mother had a hard time answering questions posed to them [regarding] various visits to the counselors" is a credibility determination, at least as to Ms. Ramsey, based, at least in part, on this exchange. As this Court has made clear, "[t]here is no requirement in the Social Security regulations or rulings that the ALJ assign any weight to non-medical sources, only that the evidence be considered." *Reed v. Astrue*, Civil Action No. 09-0149-KD-N, 2009 WL 3571699, at *3 (S.D. Ala. Oct. 26, 2009) (citing 20 C.F.R. § 416.913(d); SSR 06-03p); *see also Rask v. Astrue*, No. 3:10–cv–01082–SI, 2011 WL 5546935, at *11 (D. Or. Nov. 14, 2011) ("Social Security regulations require the ALJ to consider all relevant evidence. This includes evidence submitted by family members, such as Ms. Rask's mother and ex-husband.") (citing 20 C.F.R. §§ 404.1545(a)(3); 404.1513(d)(4)). Further, the Eleventh Circuit does "not require an explicit finding about credibility; instead findings may be by implication if they are 'obvious to the reviewing court.'" *Carter v. Astrue*, 228 Fed. App'x 967, 969 (11th Cir. 2007) (per curiam) (quoting *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983)). Because it is obvious to

this Court that the ALJ chose not to accord weight to Ms. Ramsey's testimony based on the ALJ's concerns regarding its forthrightness, *see Carter*, 228 Fed. App'x at 969, the plaintiff's second ground for appeal also fails. *See Rask*, 2011 WL 5546935, at *11 (noting that an ALJ may "disregard lay witness testimony [if] 'he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so'") (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

## Conclusion

Because the Court finds that the ALJ's discussion of her consideration of both Ms. Noonan's opinion and Ms. Ramsey's testimony allows a "subsequent reviewer[—this Court—]to follow [her] reasoning," this Court finds that the ALJ's decision is supported by substantial evidence. Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be **AFFIRMED**.

**DONE** this the 30th day of March, 2012.

                                       s/WILLIAM E. CASSADY
                                       **UNITED STATES MAGISTRATE JUDGE**